UNITED STATES DISTRICT COUT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAWRENCE A. THOMAS, DC, PS, d/b/a CAPITOL HILL CHIROPRACTIC and BC CHIROPRACTIC d/b/a Cooper Chiropractic,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, INC., a Washington corporation, and FIRST NATIONAL INSURANCE OF AMERICA, a Washington corporation; LIBERTY MUTUAL FIRE INSURANCE CO. and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies,<br><br>Defendants. | No.<br><br>NOTICE OF REMOVAL |

Defendants Safeco Insurance Company of America, Inc., First National Insurance Company of America (improperly named as First National Insurance of America), Liberty Mutual Fire Insurance Company, and Liberty Mutual Insurance Company (collectively, "LM Defendants"), by their attorneys, hereby give notice of the removal of this action from the Superior Court of King County, Washington to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.





WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

This Notice of Removal is based upon the original jurisdiction of this Court of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support thereof, the LM Defendants state as follows:

**Background**

1. On March 7, 2023, Plaintiffs filed a Class Action Complaint in the Superior Court of King County, Case Number 23-2-04157-7 SEA. A copy of Plaintiffs' Class Action Complaint is attached as Exhibit A.

2. Plaintiffs' Complaint alleges that the LM Defendants unlawfully reduced their bills and the bills of other, similarly situated medical providers who sought reimbursement for medical services rendered to Personal Injury Protection ("PIP") insureds of the LM Defendants. Compl. at Intro and ¶¶ 10-21. Specifically, Plaintiffs allege that the LM Defendants have a common practice of reducing PIP reimbursements solely by relying on a geographic database of charges without any individualized assessment of the charges prior to making the reduced payment ("geographic database practice"). Id..

3. Plaintiffs seek to represent a class of Washington providers whose bills were reduced during the period from February 27, 2019 to the present. Id. at ¶24.

4. Plaintiffs claim that the reductions taken by the LM Defendants through the use of the geographic database practice violate Washington's Consumer Protection Act ("CPA"), RCW 19.86 et seq. Id. at ¶¶ 10-23. For themselves and the putative class, Plaintiffs seek to recover economic damages in the form of reduced reimbursements, administrative costs, and/or out-of-pocket expenses. Id. at ¶¶ 29, 31(a). In addition, under the remedy provisions of the CPA, Plaintiffs and the putative class seek their attorney's fees and litigation costs in the maximum amount allowed under the CPA, as well as treble damages under the CPA. Id. at ¶ 31(b, c).

5. Plaintiffs also seek injunctive relief enjoining all of the defendants from continuing their geographic database practice, Id. ¶ 31(d).



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**Timeliness of Removal and Venue**

6. This Notice of Removal has been timely filed within thirty days of one of the LM Defendants' receipt of service of the Complaint on March 10, 2023. 28 U.S.C. § 1446(b).

7. The Superior Court of King County, Washington is located within the United States District Court for the Western District of Washington. 28 U.S.C. § 93(a)(1). Venue is therefore proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Washington "embraces" the state court in which the removed action is pending.

Removal is Proper Pursuant to CAFA

8. A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance. Ehrman v. Cox Communications, Inc., 932 F.3d 1223, 1227 (9th Cir. 2019) ("A defendant in state court who wishes to litigate in federal court may therefore remove class action that satisfies CAFA's requirements" even if the class action was filed originally in state court.)

9. CAFA vests federal district courts with original jurisdiction over any case which is: (a) a putative class action; (b) with a proposed class of at least 100 members; (c) that satisfies minimal diversity requirements; and (d) presents an amount in controversy that exceeds five million dollars in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d); see also Copple v. Arthur J. Gallagher & Co., 2022 WL 3357865, at *2 (W.D. Wash. August 2, 2022). There is "no presumption against removal" for cases removed under CAFA. Id.

10. This action satisfies all four requirements of CAFA and removal is therefore warranted. Specifically, Plaintiffs allege that the proposed class contains at least 200 members. (Compl. ¶ 25.) Based on the LM Defendants' preliminary review of its records, Plaintiffs' proposed class actually contains approximately 2,425 providers. Therefore, the first and second requirements for removal pursuant to CAFA are met.



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

11. In addition, minimal diversity is satisfied. Minimal diversity requires only that at least one class member be diverse from at least one defendant. See Ehrman. 932 F.3d at 1226 (citizens of Delaware and Georgia had minimal diversity in putative class action brought on behalf of California citizens). As alleged in the Complaint, Defendants Liberty Fire Insurance Company ("Liberty Fire") and Liberty Mutual Insurance Company (LMIC") are "foreign insurance companies." Complaint at 3. In fact, Liberty Fire is a Wisconsin corporation, and LMIC is a Massachusetts corporation. Both have their corporate headquarters, and therefore their principal place of business, in Boston, Massachusetts. Plaintiffs allege that each Plaintiff is a citizen of the Washington. Compl. ¶¶ 1-2. As Liberty Fire and LMIC are not citizens of Washington and Plaintiffs are citizens of Washington, minimal diversity is met. The remaining defendants, Safeco Insurance Company of America, Inc. and First National Insurance Company of America, hereby consent to removal.

12. To "determine whether the matter in controversy" exceeds five million dollars, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(2). The ultimate inquiry is what amount is put " 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Lewis v. Hartford Cas. Ins. Co., 2015 WL 4430971, at *2 (W.D. Wash. July 20, 2015), citing Korn v. Polo Ralph Lauren Corp., 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

13. Plaintiffs alleges that the LM Defendants improperly reduced their PIP bills using their geographic database practice. (Compl. ¶¶ 23, 32, 41, 50.) The LM Defendants conducted a preliminary review of their bill payment data on PIP claims during the putative class period and have determined that the amount in bill reductions at issue is approximately $6.352 million.

14. Plaintiffs also seek damages in the form of out of pocket expenses, attorney's fees and costs and trebled damages. It is "well established that punitive damages as part of the amount in controversy in a civil action." Copple, 2022 WL 3357865, at *3. Moreover,



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

punitive damages "include treble damages authorized by statute." Id., citing Trepanier v. Progressive Direct Ins. Co., 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2021).

15. Here, Plaintiffs are attempting to recover the bill reductions at issue, as well as administrative costs and out-of-pocket expenses for the putative class. Even focusing solely on the bill reductions, if those alleged damages ($6.352 million) are trebled, the amount in controversy is $19.96 million, or $14 million more than the $5 million threshold. See Lewis, 2015 WL 4430971, at *3 (holding CAFA's $5 million threshold was satisfied because complaint against insurer "put in play" $6.745 million in trebled damages under CPA). See also Copple, 2022 WL 3357865, at *4, 7 (cataloging cases with similar holdings and finding that amount in controversy in case exceeded $5 million threshold). If attorney's fees (assuming a 20% contingent fee) are added to those amounts, the amount in controversy would be approximately $23.95 million. Accordingly, the amount in controversy here easily exceeds five million dollars and removal is appropriate.

**Conclusion**

16. As set forth above, this Court has original jurisdiction over this matter pursuant to CAFA. LM Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff; without conceding liability, fault, damages or that Plaintiffs have pled a claim upon which relief could be granted; and expressly preserving all defenses to the Class Action Complaint, including that the matter is not appropriate for class resolution.

17. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of filing of this Notice of Removal is being filed with the Clerk of the Superior Court of King County simultaneously with this filing.

WHEREFORE, LM Defendants hereby give notice of the removal of this action from the Superior Court of King County, Washington to the United States District Court for the Western District of Washington.



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Dated this 7th day of April, 2023

*s/ Sarah L. Evesole*
Sarah L. Eversole, WSBA# 36335
WILSON SMITH COCHRAN DICKERSON
1000 Second Ave., Suite 2050
Seattle, WA 98104
206-623-4100 T | 206-623-9273
eversole@wscd.com

James A. Morsch
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
312.876.7100 P | 312-876-0288 F
jim.morsch@saul.com

Attorneys for LM Defendants





**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Attorney for Plaintiff
David E. Breskin
Cynthia J. Heidelberg
BRESKIN JOHNSON & TOWNSEND
1000 Second Ave., Suite 3670
Seattle, WA 98104
dbreskin@bjtlegal.com; cheidelberg@bjtlegal.com; admin@bjtlegal.com

SIGNED this 7th day of April, 2023, at Seattle, Washington.

*s/ Traci Jay*
Traci Jay



WILSON SMITH COCHRAN DICKERSON
1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273